# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMY CHILDERS, BARRY EARLS, THOMAS FETSCH, CODY ITALIA, DAVID KIEL, NAZAR MANSOOR, DEBBIE RIDER, TRENT SHORES, STEVE SCHUSSLER, CASSIE LIETAERT, RYAN INGALLS, CHRIS JESSIE and KAREN FLECKENSTEIN, individually and, on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> MENARD, INC., a Delaware [sic] corporation, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 20 CV 107 <br><br><br><br> Hon. James D. Peterson |

## MENARD, INC.'S PETITION TO COMPEL ARBITRATION

Pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3, 4, defendant Menard, Inc.,[1] ("Menards") respectfully petitions the Court to: (i) compel plaintiffs Amy Childers, Cody Italia, Nazar Mansoor, Debbie Rider, Ryan Ingalls and Karen Fleckenstein (collectively, the "Arbitration Plaintiffs") to arbitrate their claims in this lawsuit against Menards; and (ii) stay this lawsuit with respect to those plaintiffs. In support to this petition, Menards incorporates and relies upon its accompanying memorandum of law and further states as follows:

---

[1] The Complaint erroneously alleges that Menard, Inc. is a Delaware corporation. (Compl. ¶ 25.) Menard, Inc. is a Wisconsin corporation.

1.      On February 6, 2020, the Arbitration Plaintiffs, along with plaintiffs Earls, Fetsch, Kiel, Shores, Schussler, Lietaert and Jesse filed this action against Menards (and John Does 1-10.)

2.      Although the specific facts vary by plaintiff, each plaintiff's claims are based on his or her alleged failure to receive, in whole or part, rebates on purchases made during one of Menards' mail-rebate sales.  With respect to the Arbitration Plaintiffs:

- Childers alleges that she is a Wisconsin resident and that she purchased $1,327.56 in products via Menards' website in or about October 2018 during an 11% off everything rebate promotion.  (Compl. ¶¶ 158-59.)  Childers alleges that she downloaded the rebate form and mailed it along with the receipt within one week. (*Id*. at ¶ 160-61.)  Childers alleges that she checked on the status of her rebate by accessing the Rebates International rebate tracker available at www.rebateinternational.com, but did not find her rebate processed in the system. (*Id.* at ¶ 163.)  Childers alleges Rebates International later emailed her and told her that the items she purchased were already on sale and did not qualify for a rebate. (*Id*. at ¶ 164.)

- Italia alleges that he is a Missouri resident and that he purchased $21.99 in products from a Menards store in Missouri on or about February 2, 2019 during a Menards 11% off everything rebate promotion.  (*Id*. at ¶¶ 130-32.)  Italia alleges that he mailed the rebate form the same day.  (*Id*. at ¶¶ 133-34.)  Italia alleges that he later checked on the status of his rebate on-line, and did not see it.  (*Id*. at ¶ 135.)  Italia alleges that he called Menards but did not receive an explanation or rebate.  (*Id*. at ¶ 136.)

- Mansoor alleges that he is a Michigan resident and that he purchased $380.00 in products from a Menards store in Michigan between May and June 2018 during Menards 11% off everything rebate promotions.  (*Id*. at ¶¶ 121-22.)  Mansoor alleges that within two or three days of his purchases he mailed rebate forms to Menards. (*Id*. at ¶¶ 123-24.)  Mansoor alleges that he inquired about his rebates at the Menards store on several occasions, and also contacted Rebates International in late 2018.  (*Id.* at ¶¶ 123-26.)  Mansoor alleges that he received no response and has not received a rebate check.  (*Id*. at ¶ 136.)

- Rider alleges that she is an Illinois resident who purchased $878.77 in products from a Menards store in Illinois in or about March 2018, during a Menards 11% off everything rebate promotion.  (*Id*. at ¶¶ 60-62.)  Rider alleges that she mailed the rebate form and receipts to Menards shortly thereafter, and later checked on the status of her rebate on-line.  (*Id*. at ¶¶ 63-64.)  Rider alleges that she did not see a rebate on the system, and that she called Rebates International and was told that they had not received the rebate form or the receipts.  (*Id*. at ¶¶ 64-65.)  Rider alleges that she has not received the rebate.  (*Id*. at ¶ 65.)

- Ingalls alleges that he is a Michigan resident who purchased $177.41 in products from a Menards store in Michigan in or about January 2019 during a Menards 11% off everything rebate promotion. (*Id*. at ¶¶ 96-97.) Ingalls alleges that he mailed the rebate form to Menards within one week of his purchases. (*Id*. at ¶ 99.) Ingalls alleges that he checked on the status of his rebate on-line, but did not see a rebate for that purchase. (*Id*. at ¶¶ 100-01.) Ingalls alleges that he has not received the rebate. (*Id*. at ¶ 104.)

- Fleckenstein alleges that she is an Ohio resident and that she purchased $33.47 in products from a Menards store in Ohio in or about July 2019 during a Menards 11% off everything rebate promotion. (*Id*. at ¶¶ 150-51.) Fleckenstein alleges that she mailed the rebate to Menards within one week. (*Id*. at ¶ 153.) Fleckenstein alleges that she checked on the status of her rebate on-line, but did not see a rebate. (*Id*. at ¶ 154.) Fleckenstein alleges that she has not received the rebate. (*Id*. at ¶ 155.)

3. Plaintiffs, including the Arbitration Plaintiffs, allege that by filling in and submitting the rebate forms, they entered into "specific agreements with Menards" that Menards breached by not sending the Arbitration Plaintiffs their rebates. (*Id*. at ¶ 182.) Based on these and other allegations, plaintiffs assert claims against Menards for (i) breach of contract (Count I); (ii) breach of the implied covenant of good faith and fair dealing (Count II); (iii) unjust enrichment (Count III); and (iv) violations of the consumer protection statutes of their respective states (Counts IV-IX).

4. Effective December 3, 2017, the Menards rebate form contained an agreement to resolve any claims relating to a purchaser's rebate through binding arbitration. (Every Decl. ¶ 8.) Specifically, the form provides as follows:

> Menards will not sell or distribute any of your information to any other organizations. All of your information is strictly used for Menards purposes. By submitting the rebate form, you agree to resolve any disputes related to rebate redemption by binding arbitration and you waive any right to file or participate in a class action. Terms and conditions available at www.rebateinternational.com.

(*Id*.) A copy of the rebate form with the arbitration agreement is set forth in paragraph 41 of the Complaint. (Compl. ¶ 41.)

5. In addition, the Terms and Conditions at www.rebateinternational.com provide as follows:

> Purchaser AGREES that ANY and ALL controversies or claims arising out of or relating to Menards® Rebate Program(s), or the breach thereof, MUST be submitted to binding arbitration administered by the American Arbitration Association (AAA) under its applicable Consumer or Commercial Arbitration Rules. Purchaser and Menards® AGREE that all claims may only be brought in Purchaser or Menards® individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Unless Purchaser and Menards® agree otherwise, the arbitrator may not consolidate more than one purchaser's claim, and may not otherwise preside over any form of a representative or class proceeding. The Arbitrator appointed by the AAA will have the exclusive authority to resolve any challenge or dispute relating to the interpretation, applicability, enforceability, or formation of the Purchaser and Menards® arbitration agreement. All claims MUST be brought within ONE YEAR of the purchase date. Menards® is engaged in interstate commerce and this arbitration provision is subject to the Federal Arbitration Act, 9 U.S.C. Sections 1-14 as amended from time to time.
>
> **The remedy for any claim is limited to actual damages, and in no event will any party be entitled to recover punitive, exemplary, consequential or incidental damages or have damages multiplied or otherwise increased, including attorneys' fees or other such related costs of bringing a claim, or to rescind this agreement or seek injunctive or any other equitable relief.**

www.rebateinternational.com/RebateInternational/termsAndConditions.do (emphasis in original). These terms and conditions have been available on the website since December 20, 2017. (Every Decl. ¶ 9.)

6. Although they have not attached copies of relevant documents to their complaint, each of the Arbitration Plaintiffs alleges that he or she (i) purchased products during rebate sales after December 3, 2017, (ii) obtained the Menards's rebate form, and (iii) filled the form out as instructed and mailed it to Menards. (Compl. ¶¶ 60-63, 96-99, 121-24, 130-34, 150-53, 158-61.) As a result, each of the Arbitration Plaintiffs has a written agreement with Menards to arbitrate all claims arising out of or relating to Menards' rebate programs.

7. Notwithstanding this agreement, the Arbitration Plaintiffs have refused to comply by, among other things, filing claims in this action against Menards.

8. Section 4 of the FAA provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S. C. § 4. The Section further provides that:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

*Id*.

9. Pursuant to Section 4, this Court should compel the Arbitration Plaintiffs to comply with their arbitration agreements and arbitrate their claims against Menards as required by their rebate forms and the terms and conditions. In addition, the Court should stay all proceedings in this lawsuit involving the Arbitration Plaintiffs pursuant to Section 3 of the FAA. 9. U.S. C. § 3.

Dated: April 13, 2020

Respectfully submitted,

/s/ James J. Boland
Brian P. Norton
James J. Boland
Andrew C. Nordahl
Freeborn & Peters, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60601-6677
Tel: (312) 360-6000
Fax: (312) 360-6520

*Attorneys for defendant Menard, Inc.*