IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARRY EARLS, THOMAS FETSCH, DAVID KIEL,
TRENT SHORES, STEVE SCHUSSLER,
CASSIE LIETAERT, and CHRIS JESSE,
individually and on behalf of classes of
similarly situated individuals,

                         OPINION and ORDER

              Plaintiffs,

                         20-cv-107-jdp

   v.

MENARD, INC., and JOHN DOES 1–10,

             Defendants.

---

      This proposed class action concerns promotional vouchers offered by defendant Menard, Inc., which owns Menards home improvement stores. The plaintiffs are Menards customers who say that Menards promised them vouchers for use on future purchases, but then either gave them smaller vouchers than promised or no vouchers at all. Plaintiffs assert claims for breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment, as well as claims under the consumer-fraud laws of the four states in which they live.

      The court granted Menards' motion to dismiss the consumer-fraud claims in plaintiffs' original complaint on the ground that plaintiffs failed to satisfy federal pleading standards. Dkt. 26. Plaintiffs filed an amended complaint as permitted by the court, Dkt. 27, and now Menards again moves to dismiss the consumer-fraud claims pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that plaintiffs still haven't adequately pleaded the claims. Dkt. 29. The court will deny the motion for the reasons below.

ANALYSIS

Menards contends that plaintiffs' consumer-fraud claims should be dismissed for two reasons: (1) plaintiffs' allegations that Menards' alleged misrepresentations "factored into" their decisions to purchase goods from Menards are inadequate under the state statutes' causation standards; and (2) the claims aren't distinct from plaintiffs' breach-of-contract claims because plaintiffs haven't alleged that Menards engaged in any misconduct beyond the underlying alleged breaches.

A. Causation

Plaintiffs live in Wisconsin, Illinois, Michigan, and North Dakota, and they seek to bring consumer-fraud claims under the laws of each of those states. All of the statutes on which plaintiffs rely require them to show a causal connection between Menards' alleged misrepresentations and their damages.[1] In plaintiffs' amended complaint, each plaintiff alleges that misleading Menards advertisements "factored into" his or her decision to purchase goods from Menards. *See, e.g.*, Dkt. 27, ¶ 90. Menards contends that these allegations aren't enough to satisfy the consumer-fraud statutes' causation standards.

Menards cites *Spacesaver Corp. v. Marvel Group, Inc.*, 621 F. Supp. 2d 659 (W.D. Wis. 2009), for the proposition that Wisconsin's consumer-fraud statute requires a plaintiff to show that the defendant's misconduct "materially induced" the plaintiff to act, and *Clark v. Experian*

---

[1] *See* Wis. Stat. § 100.18(11)(b) (action may be brought by "[a]ny person suffering pecuniary loss because of a violation of this section"); 815 Ill. Comp. Stat. 505/10a(a) (action may be brought by "[a]ny person who suffers actual damage as a result of a violation of this Act"); Mich. Comp. Laws § 445.911(2), (3) (action may be brought by "person who suffers loss as a result of a violation of this act"); N.D. Cent. Code § 51-15-09 (statute authorizing state attorney general to enforce consumer-fraud laws "does not bar any claim for relief by any person against any person who has acquired any moneys or property by means of any practice declared to be unlawful in this chapter").

*Information Solutions, Inc.*, 256 F. App'x 818 (7th Cir. 2007), for the proposition that Illinois's consumer-fraud statute requires a plaintiff to show that the defendant's misconduct "proximately caused" the plaintiff's damages. Menards cites no authority for its assertion that Michigan's and North Dakota's consumer-fraud statutes have similar causation standards.

Neither case supports Menards' argument. In *Spacesaver*, the court dismissed the plaintiff's Wisconsin-law consumer-fraud claim because it was based on an invalid legal theory—that a defendant could violate the statute by inducing a third party to act to the plaintiff's detriment—not because the plaintiff had insufficiently alleged that it had been induced to act by the defendant's misrepresentations. *See Spacesaver*, 621 F. Supp. 2d at 663–64. And *Clark* concerned motions for class certification and summary judgment, after depositions had been taken, not a motion to dismiss. *See Clark*, 256 F. App'x at 820. *Clark* may be relevant to what plaintiffs ultimately have to *prove*, but it is not relevant to what they have to *plead*.

Plaintiffs' burden at pleading is illustrated by *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 595 (Ill. 1996), in which the Illinois Supreme Court held that plaintiffs who "allege[d] that their purchases occurred after the [defendants'] allegedly fraudulent statements" and whose "complaint contain[ed] no facts showing an intervening cause that would break the chain of proximate causation" had adequately alleged causation under Illinois's consumer-fraud statute. Menards attempts to distinguish *Connick* by contending that it stands merely for the proposition that a consumer-fraud claim "could only be based on statements made prior to the purchase," not statements made after the purchase. Dkt. 36, at 6 n.2. But that misstates *Connick*'s holding, as the court expressly noted that "the required allegation of proximate cause is minimal since that determination is best left to the trier of fact." *Connick*, 675 N.E.2d at 595.

3

On Menards' motion to dismiss, I must accept all of plaintiffs' well-pleaded allegations as true and draw all reasonable inferences in their favor. *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). Plaintiffs allege that Menards' advertisements factored into their purchasing decisions. At the pleading stage, it is reasonable to infer from these allegations that the advertisements materially induced or proximately caused the plaintiffs to make their purchases. Plaintiffs will bear a higher burden at summary judgment, but Menards identifies no authority under any state's law that requires, at the pleading stage, more than what plaintiffs have alleged. So this argument doesn't require dismissal of plaintiffs' consumer-fraud claims.

## B. Overlap with breach-of-contract claims

Menards contends, as it did in its first motion to dismiss, that plaintiffs' consumer-fraud claims are nothing more than repackaged breach-of-contract claims. As before, Menards relies on *Greenberger v. GEICO General Insurance Co.*, 631 F.3d 392 (7th Cir. 2011), in which the court of appeals dismissed a claim under Illinois's consumer-fraud statute because the plaintiff hadn't alleged any "affirmative acts of misrepresentation," only "a simple breach of contract multiplied over a prospective plaintiff class." *Id.* at 400.

The court rejected this argument the first time that Menards raised it, *see* Dkt. 26, at 13–14, and the argument fails the second time around as well. As the court explained previously, even assuming that *Greenberger*'s principles apply to all of plaintiffs' consumer-fraud claims and not just their claims under Illinois law, "plaintiffs have satisfied its requirements by alleging that Menards falsely advertises that customers will receive certain rebates but 'systematically and routinely denies or substantially underpays promised rebates and takes steps to further drive down the redemption rate.'" *Id.* at 14 (quoting Dkt. 1, ¶ 59).

4

Menards contends that plaintiffs' consumer-fraud allegations are facially implausible because Menards wouldn't risk damaging its reputation by acting in this way, particularly with a promotion that is designed to induce customers to return to the store to spend their vouchers. The court must accept plaintiffs' well-pleaded factual allegations as true, but not any factual allegations that are "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). It may be unlikely that Menards would act in the way that plaintiffs describe, but it is not implausible that a retailer would offer a voucher promotion to increase initial sales, then attempt to limit redemption of the vouchers to reduce costs. Rule 8 requires the court to consider whether the allegations are plausible, not whether they are probable. *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). Plaintiffs' allegations are at least plausible, so the court will not dismiss their consumer-fraud claims for this reason.

Plaintiffs allege that Menards uses certain practices to drive down the redemption rate. Menards contends that these practices are not illegal, but merely conditions that Menards imposes on participants in its voucher program. Menards also contends that in considering whether plaintiffs have alleged affirmative acts of misrepresentation, the court should disregard quotations that plaintiffs included in their complaint from anonymous internet users who criticized Menards' voucher program. But plaintiffs didn't need the challenged allegations to allege affirmative acts of misrepresentation, as the court didn't consider any of these allegations in rejecting Menards' argument the first time. *See* Dkt. 26, at 13–14. So Menards' arguments regarding these issues don't warrant dismissal of plaintiffs' consumer-fraud claims, either.

ORDER

IT IS ORDERED that defendant Menard, Inc.'s motion to dismiss plaintiffs' amended fourth through seventh causes of action, Dkt. 29, is DENIED.

Entered December 11, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge