**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (*admitted pro hac vice*)
Mallory Morales (*admitted pro hac vice*)
1970 Broadway, Suite 1070
Oakland, CA 94612
(510) 254-6808
Fax: (202) 973-0950
ssoneji@tzlegal.com
mmorales@tzlegal.com

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
David S. Almeida
Suzanne M. Alton de Eraso *(admitted pro hac vice)*
Matthew J. Langley *(admitted pro hac vice)*
71 S. Wacker Dr., Suite 1600
Chicago, IL 60622
(312) 212-4979
Fax: (312) 767-9192
dalmeida@beneschlaw.com
saltondeeraso@beneschlaw.com
mlangley@beneschlaw.com

*Attorneys for Plaintiffs & the Proposed Classes*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARRY EARLS, THOMAS FETSCH, DAVID KIEL, TRENT SHORES, STEVE SCHUSSLER, CASSIE LIETAERT and CHRIS JESSE, *individually and on behalf of a class of similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>MENARD, INC., a Wisconsin corporation, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 20-CV-107<br><br><br>Judge: Hon. James D. Peterson |

1

## PLAINTIFFS' UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully request that this Court dismiss with prejudice the individual claims of Barry Earls, Thomas Fetsch, David Kiel, Trent Shores, Steve Schussler and Cassie Lietaert (each a "Plaintiff" and collectively, "Plaintiffs") against Defendant Menard, Inc. ("Defendant" or "Menards"), as well as dismiss the claims of the absent class members without prejudice, with each party to bear their own costs and fees. In support thereof, Plaintiffs respectfully state as follows:

Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). District courts are vested with considerable discretion to determine the proper terms and conditions of such voluntary dismissals, with the prevailing view that voluntary dismissals without prejudice may warrant the imposition of fees and costs since the defendant may face the litigation again. *See, e.g., Arcare, Inc. v. Am. Lifeline, Inc.*, 17-cv-313-wmc, at *4 (W.D. Wis. Nov. 22, 2017) ("Accordingly, the court finds that the terms on which plaintiff seeks to dismiss this case -- with prejudice as to the named plaintiff and without prejudice to the putative class members, with each party to bear its own costs -- are proper. See Fed. R. Civ. P. 41(a)(2).").

Here, as a result of Menards' recent document production and the deposition of several of the named Plaintiffs it is evident that, while there was little to no visibility into Menards' rebate program previously, these Plaintiffs cannot adequately represent the proposed class. There has been absolutely no bad faith on the part of Plaintiffs or their counsel; they conducted a thorough pre-suit investigation, aggressively but fairly litigated the case, withstanding two motions to dismiss and opposing a motion to compel arbitration, and are now voluntarily dismissing at the first opportunity after learning of the facts that necessitate this motion. Plaintiffs are also moving

the court to voluntarily dismiss with prejudice now in order to save Defendant the need to oppose Plaintiffs' class certification motion and various discovery motions.

Plaintiffs and their counsel have invested a great deal of time, money and other resources into this case. However, given the recent disclosure of certain facts surrounding Plaintiffs claims, Plaintiffs now seek to dismiss this litigation with prejudice.

Counsel for Plaintiffs have consulted with counsel for Defendants who represented that they did not oppose plaintiffs' dismissal of their claims and this case with prejudice.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court to (i) dismiss with prejudice the individual claims of Barry Earls, Thomas Fetsch, David Kiel, Trent Shores, Steve Schussler and Cassie Lietaert claims against Defendant Menard, Inc., (ii) dismiss the claims of the absent class members without prejudice; (iii) order that each party should bear its own fees and costs and (iv) award all such other relief as deemed equitable and just.

Dated:    March 8, 2021                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　  /s/ David S. Almeida
　　　　　　　　　　　　　　　　　　　　　　　　　Sabita J. Soneji (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　　Mallory Morales (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　　**TYCKO & ZAVAREEI LLP**
　　　　　　　　　　　　　　　　　　　　　　　　　1970 Broadway, Suite 1070
　　　　　　　　　　　　　　　　　　　　　　　　　Oakland, CA 94612
　　　　　　　　　　　　　　　　　　　　　　　　　(510) 254-6808
　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 973-0950
　　　　　　　　　　　　　　　　　　　　　　　　　ssoneji@tzlegal.com
　　　　　　　　　　　　　　　　　　　　　　　　　mmorales@tzlegal.com

　　　　　　　　　　　　　　　　　　　　　　　　　Eric J. Haag
　　　　　　　　　　　　　　　　　　　　　　　　　**ATTERBURY, KAMMER & HAAG, S.C.**
　　　　　　　　　　　　　　　　　　　　　　　　　8500 Greenway Blvd., Suite 103
　　　　　　　　　　　　　　　　　　　　　　　　　Middleton, WI 53562
　　　　　　　　　　　　　　　　　　　　　　　　　(608) 821-4600
　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (608) 821-4610
　　　　　　　　　　　　　　　　　　　　　　　　　ehaag@wiscinjurylawyers.com

David S. Almeida
Suzanne M. Alton de Eraso
  *(admitted pro hac vice)*
Matthew J. Langley
  *(admitted pro hac vice)*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, IL 60622
(312) 212-4979
Fax: (312) 767-9192
dalmeida@beneschlaw.com
saltondeeraso@beneschlaw.com
mlangley@beneschlaw.com

*Attorneys for Plaintiffs & the Proposed Classes*

4