# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARRY EARLS, THOMAS FETSCH, DAVID KIEL, TRENT SHORES, STEVE SCHUSSLER, CASSIE LIETAERT, CHRIS JESSE, individually and on behalf of a class of similarly situated individuals, | Case No. 20 CV 107 |
| Plaintiffs, | Hon. James D. Peterson |
| v. | |
| MENARD, INC., a Delaware [sic] corporation, and JOHN DOES 1-10, | |
| Defendants. | |

## MENARD, INC.'S RESPONSE TO
## PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

Plaintiffs move to dismiss their claims with prejudice. Plaintiffs correctly report that Menards does not oppose dismissal because there is not and never has been a factual basis for those claims. However, for the record and the reasons set forth below, Menards disputes the following statements contained in plaintiffs' motion:

(1)    plaintiffs moved to dismiss at the "first opportunity after learning the facts" that demonstrated dismissal was appropriate;

(2)    recent document production and depositions revealed that plaintiffs claims should be dismissed;

(3)    there was "little or no visibility into Menards rebate programs previously"; and

(4)    "[t]here has been absolutely no bad faith on the part of Plaintiffs or their counsel."

Dkt. 92, p. 2-3. Because these statements are inaccurate and misleading, Menards briefly responds.

1.      Plaintiffs filed this action over a year ago alleging claims against Menards, relating to its 11% rebate sale for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and violations of consumer fraud statutes.

2.      Plaintiffs and their counsel repeatedly represented to the Court in their complaint, amended complaint and responses to Menards' two motions to dismiss, that (1) plaintiffs fully understood the terms of Menards 11% rebate sale, (2) plaintiffs made purchases during those sales, (3) plaintiffs submitted the required rebate forms and rebate receipts, and (4) Menards never sent them their rebates/merchandise credit checks, either at all or for the correct amounts. Dkt. 27, ¶¶ 89-165, 173-79; *see also* Dkt. 1, 18, 35.

3.      Based on these allegations and a smattering of unverified hearsay complaints they found on the internet[1], plaintiffs alleged that Menards falsely advertised its most popular sale and defrauded its customers because it "systematically and intentionally fail[ed] to issue its 11% Off Everything Rebate to customers who have followed the rebate process, upheld the terms of the agreement Menards itself has established, purchased items eligible for the 11% Off Everything rebate and timely submitted the necessary paperwork to receive the rebate."  Dkt. 27, ¶¶ 14, 42. Menards viewed and continues to view this allegation as defamatory.

4.      While plaintiffs now admit that they cannot adequately represent any purported classes in this case and that their claims should be dismissed with prejudice, they have not been candid with the Court about the reasons.  Plaintiffs' motion is predicated on the contention that some new evidence has recently come to light in discovery – in "Menards' recent document production and the depositions of several of the named plaintiffs" – that demonstrated their

---

[1] As set forth in Menards' revised motion to dismiss, anonymous, unverified internet complaints are not evidence.  Dkt. 36, pp. 16-19.  Presumably, this is why the court did not consider those allegations in assessing the sufficiency of plaintiffs' complaint.  Dkt. 48, p. 5.

cannot represent the class.  Dkt. 92, p. 2.  According to plaintiffs, this was because "there was no visibility into Menards' rebate program previously."  *Id.*  That is categorically untrue.

5.     What plaintiffs fail to tell the Court is that they are dismissing their claims because their allegations ***about themselves*** and their sales transactions with Menards were false. In truth, plaintiffs cannot adequately represent the classes they have proposed because plaintiffs either did not make purchases during a Menards' 11% Off Rebate* rebate sale as they alleged (Earls and Shores) or Menards sent them their 11% Off Everything* rebates in the proper amounts (Jesse, Fetsch, Schussler and Lietaert).[2]

6.     The recent depositions that plaintiffs allude to in the motion are those of three plaintiffs – Earls, Jesse and Fetsch.  Earls admitted that the products he purchased and alleged he did not receive a full 11% Off Everything* rebate on were ***not even*** purchased during an 11% Off Everything* rebate sale.  Declaration of James Boland dated 3/8/21 at ¶ 2, Earls Dep. (rough) at 78:13-17.  Jesse and Fetsch both admitted that they actually received and redeemed the proper 11% Off Everything* rebates on the purchases they alleged in the complaint and for which they alleged they did not receive rebates.  *Id.* at ¶¶ 3-4, Jesse Dep. (rough) at 209:9-16, Fetsch Dep. (rough) at 230:13-21.

7.     These defects in these plaintiffs' claims have nothing to do with their supposed lack of "visibility into Menards' rebate program."  They are the product of Earls, Fetch and Jesse making false allegations about their own transactions.

8.     For Earls and Fetsch, these plaintiffs – and their counsel – had documents in their possession before they filed the first complaint that demonstrated that their allegations were false.  Earls had, and gave to his lawyers, documents (emails) showing that he did not purchase

---

[2] Plaintiffs' counsel previously represented to Menards that they planned to dismiss Kiel because he refused to participate in discovery.

products during an 11% Off Everything* rebate sale.  Boland Decl. at ¶ 5.  Fetsch similarly had documents (also emails) demonstrating that he had received *and redeemed* the rebates on the items he purchased during an 11% Off Everything sale he alleged he never got.  *Id*. at ¶ 6.

9.      With respect to Jesse, even if one assumes that he forgot that he received the rebate he claimed was denied (which is difficult to believe since he did not complain about any of the other 11% Off Everything* rebates that were included in the same merchandise credit check), Menards produced its rebate records – which show the rebate issued to and redeemed by Jesse – and Jesse's related transaction documents no later than November 27, 2020.  Boland Decl. at ¶ 7.

10.     Simply put, dismissal of this action with prejudice is not warranted because of any new facts or information coming to light from Menards in the discovery process.  It is warranted because the plaintiffs' allegations about themselves were false.

11.     Moreover, the experience of these plaintiffs demonstrates that their defamatory allegation about Menards "systematically and intentionally fail[ing] to issue its 11% Off Everything Rebate to customers who have followed the rebate process" was also false and lacked a good-faith basis.  Jesse received and redeemed 11% Off Everything* rebates from Menards on 157 purchases during just the 2014 - 2017 proposed class period at issue.  Boland Decl. at ¶ 7.  Fetsch received and redeemed Menards 11% Off Everything* rebates 51 purchases during the same period.  *Id*. at ¶ 8.

12.     For these reasons, plaintiffs' claims of not proceeding in "bad faith" and of conducting "a thorough pre-suit investigation" are simply untrue.  With full knowledge of the facts from both their own documents and those produced by Menards months ago, these plaintiffs and their counsel filed the two complaints in this case against Menards based on false factual allegations.

13.     In addition, plaintiffs also continued to pursue those allegations vigorously, multiplying proceedings in this federal court by, among other things, successfully defending Menards' two motions to dismiss based on those false allegations (a fact they tout) and, as recently as January 19, 2021, filing a motion for class certification.  It was only when the falsity of their allegations was exposed that plaintiffs' decided to do the right thing and dismiss their claims.

14.     Accordingly, while it is clear – and Menards agrees – that plaintiffs' claims and this case should be dismissed with prejudice, Menards respectfully submits that the statements contained in that motion are inaccurate and misleading.


Dated:  March 8, 2021                         Respectfully submitted,


                                             *s/ James J. Boland*
                                             Brian P. Norton
                                             James J. Boland
                                             Andrew C. Nordahl
                                             Verona M. Sandberg
                                             Freeborn & Peters, LLP
                                             311 South Wacker Drive, Suite 3000
                                             Chicago, Illinois 60601-6677
                                             Tel: (312) 360-6000
                                             Fax: (312) 360-6520

                                             *Attorneys for defendant Menard, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above case, certifies that he caused a copy of **Menard Inc.'s Response to Plaintiffs' Motion for Voluntary Dismissal** to be to be served upon the individuals listed below via the Court's ECF notification service on March 8, 2021:

David S. Almeida
Matthew Langley
Suzanne M. Alton de Eraso
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Dr., Suite 1600
Chicago, IL 60622
(312) 212-4979
dalmeida@beneschlaw.com
mlangley@beneschlaw.com
saltondeeraso@beneschlaw.com

Eric J. Haag
Atterbury, Kammer & Haag, S.C.
8500 Greenway Blvd., Suite 103
Middleton, WI 53562
Telephone: (608) 821-4600
Facsimile: (608)821-4610
ehaag@wiscinjurylawyers.com

Sabita J. Soneji
Mallory Morales
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
ssoneji@tzlegal.com
mmorales@tzlegal.com

/s/ *James J. Boland*

James J. Boland
Freeborn & Peters, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60601-6677
Tel: (312) 360-6000
Fax: (312) 360-6520
jboland@freeborn.com