UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARRY EARLS, THOMAS FETSCH, DAVID KIEL, TRENT SHORES, STEVE SCHUSSLER, CASSIE LIETAERT, and CHRIS JESSE individually and, on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MENARD, INC., a Wisconsin corporation, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 20 CV 107<br><br><br><br>Hon. James D. Peterson |

## DECLARATION OF DAVID S. ALMEIDA

I, David S. Almeida, affirm and state as follows:

1. I started my legal career after graduating from Cornell Law School in 1999, and have more than two decades' worth of experience litigating consumer class action lawsuits, both on the plaintiff and defense side.

2. I have never been sanctioned in connection with any action.

3. Plaintiff's counsel expended tremendous time, effort and resources to investigate and to litigate this case and to protect the interests of both Plaintiffs and absent class members.

4. Specifically, counsel of record for Plaintiffs received several hundred inquiries from Menards' customers hoping to recover rebates that they reasonably believed that they had not received or had received in an amount different from what was anticipated.

5. Counsel conducted a thorough investigation prior to filing the original complaint in February of 2020, vetting the claims of those individuals through one-on-one interviews and a review of any available rebate documentation.

6. Counsel for Plaintiffs then spent several months preparing a comprehensive, thorough class action complaint that laid out the difficulties that the representative Plaintiffs (and many others) experienced in obtaining rebates in the promised amounts, including several Plaintiffs who never received a submitted rebate at all.

7. Plaintiffs provided any available documentation to counsel during this pre-filing investigation, although understandably this documentation was limited due to the fact that Menards asks consumers to send original rebate paperwork and receipts to Menards to redeem rebates.

8. Each representative Plaintiff reviewed and approved the draft complaint prior to filing.

9. Plaintiffs' counsel later worked with Plaintiffs to amend the complaint, opposed two motions to dismiss and a motion to compel arbitration, engaged in fulsome discovery (including numerous meet-and-confer efforts), sought (for months) to obtain relevant data from Menards and prepared and filed a thorough motion for class certification.

10. During the course of this litigation, Plaintiffs searched their files, provided all available documentation, reviewed various filings, responded to written discovery and/or sat for depositions.

11. Plaintiffs did not make a single settlement demand or overture during the entire pendency of the case.

12. Attached hereto as **Exhibit A** is a true and correct copy of a print-out from the Better Business Bureau website, https://www.bbb.org/us/wi/elk-mound/profile/coupon-service/rebate-international-0694-44002999/complaints, last visited on May 11, 2011.

13. After the depositions of Chris Jesse, Barry Earls and Thomas Fetsch, counsel for Plaintiffs, in consultation with their clients, made the decision to voluntarily dismiss their claims against Menards.

14. On March 5, 2021, Plaintiffs' counsel sent a draft of its dismissal motion to Menards' counsel prior to filing.

15. Menards' counsel agreed that it would not oppose Plaintiffs' Motion for Voluntary Dismissal, which specifically sought for parties to bear their own fees and costs. Attached hereto as **Exhibit B** is a true and correct copy of counsel's communications with Menards related to dismissal of this action.

16. On March 8, 2021, following this Court's grant of Plaintiffs' motion for voluntary dismissal, in part, counsel for Menards demanded that counsel destroy any documents designated as "Confidential Information" that had been produced by Menards and to provide declarations attesting to the fact that the documents were no longer in Plaintiffs' possession.

17. I promptly complied with this request to delete information and informed Menards' counsel of this compliance.

18. Attached hereto as **Exhibit C** is a true and correct copy of a declaration confirming that Menards' production had been deleted, which I prepared pursuant to Menards' request.

19.     All of the records produced by Menards pertaining to the issuance of rebate checks, Plaintiffs' purchase histories or any rebate records were designated as "Confidential Information" by Menards, and consequently destroyed.

20.     Based upon a search of available records, Menards has filed no less than eight (8) motions for sanctions over the past decade, seeking to recover a wide range of sanctions. *See Nnadi v. Menard, Inc.*, 2:09 CV 197, 2011 WL 601655, at *1 (N.D. Ind. Feb. 11, 2011), *amended*, 2:09 CV 197, 2012 WL 2990690 (N.D. Ind. July 20, 2012), *and amended*, 2:09-CV-197, 2012 WL 13042510 (N.D. Ind. July 26, 2012); *McLemore v. Menard, Inc.*, 3:10-CV-429 JD, 2011 WL 6122746, at *2 (N.D. Ind. Nov. 8, 2011), *report and recommendation adopted*, 3:10-CV-429 JD, 2011 WL 6122745 (N.D. Ind. Dec. 8, 2011); *Mitchell v. Menard, Inc.*, 10 C 3835, 2012 WL 2062420, at *6 (N.D. Ill. June 7, 2012); *Scott v. Menard, Inc.*, 2:10 CV 442, 2011 WL 2580111, at *2 (N.D. Ind. June 28, 2011), *enforcement granted*, 2:10 CV 442, 2011 WL 5386642 (N.D. Ind. Nov. 7, 2011); *Patel ex rel. R.P. v. Menard, Inc.*, 1:09-CV-0360-TWP-DML, 2011 WL 4346276, at *4 (S.D. Ind. Sept. 15, 2011) (granting motion for sanctions); *Walker v. Menards, Inc.*, 18-CV-10298, 2018 WL 7502645, at *9 (E.D. Mich. Dec. 6, 2018), *report and recommendation adopted*, 18-10298, 2019 WL 1002604 (E.D. Mich. Feb. 28, 2019), *adhered to on denial of reh'g*, 18-10298, 2019 WL 4040078 (E.D. Mich. Aug. 27, 2019); *Gonzalez v. Pioneer Indus. Sys., LLC*, 15-CV-11583, 2017 WL 1283465, at *3 (N.D. Ill. Apr. 6, 2017).

Dated: May 11, 2021                                   */s/David S. Almeida*
                                                                    David S. Almeida