IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARRY EARLS, THOMAS FETSCH, DAVID KIEL,
TRENT SHORES, STEVE SCHUSSLER,
CASSIE LIETAERT, and CHRIS JESSE,
individually and on behalf of classes of
similarly situated individuals,

                             Plaintiffs,

            v.

MENARD, INC., and JOHN DOES 1–10,

                             Defendants.

OPINION and ORDER

20-cv-107-jdp

---

Plaintiffs in this proposed class action alleged that they had not received promised rebates for purchases made during a promotion at Menards home improvement stores. Plaintiffs asserted claims for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, and violations of consumer fraud statutes against defendant Menard, Inc., which owns Menards. About a year after the lawsuit was filed, plaintiffs moved to voluntarily dismiss their claims with prejudice. Dkt. 92. As it turns out, nearly all of the named plaintiffs had received the full value of the rebates they were entitled to under the terms of the rebate promotion.

Menards now moves for sanctions and attorney fees under 28 U.S.C. § 1927, contending that plaintiffs' counsel knew, or should have known, that the named plaintiffs had received their rebates. Sanctions under § 1927 are appropriate where counsel "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018). Plaintiff's counsel had several opportunities to learn whether the plaintiffs had, in fact, received their rebates. But the

court concludes that it was reckless for counsel to continue litigating the case after counsel had the opportunity to respond to Menards' discovery requests, which directed plaintiffs to produce evidence that would have disproved many of their allegations. Plaintiffs' counsel will ordered to pay the reasonable attorney fees incurred by Menards after November 25, 2020, when plaintiffs submitted their responses to those requests.

BACKGROUND

This case concerned the Menards "11% Off Everything" rebate promotion, which Menards runs several times each year. The promotion typically offers a rebate in the amount of 11 percent of the customer's total purchase. After customers purchase products that are subject to a rebate, customers must complete and mail a rebate form to a Wisconsin post office box. Customers then receive a voucher that can be redeemed for future Menards purchases. All of Menards' rebate forms after December 3, 2017, included an arbitration provision.

At some point in 2018 or 2019, plaintiffs' counsel Tycko & Zavareei LLP added a page to their website about the Menards rebate program. The website stated that Tycko & Zavareei was investigating Menards' rebate program for potential violations of consumer protection laws. Dkt. 97, at 7. Several of the named plaintiffs reported seeing something online about issues with Menards' rebate programs, which caused them to reach out to counsel. Dkt. 98-1 (Earls Dep. 54:15-20); Dkt. 98-2 (Fetsch Dep. 39:5–8); Dkt. 98-3 (Jesse Dep. 40:2–11).

Plaintiffs filed this proposed class action in February 2020. The complaint included 13 named plaintiffs, all of whom alleged that he or she (1) made a purchase at Menards during a rebate promotion; (2) applied to Menards by mail for a rebate; and (3) either never received a rebate or received a rebate for less than the amount due. Menards moved to compel arbitration

2

for the six plaintiffs who submitted rebates after the arbitration provision was added to the rebate form and dismiss the remaining plaintiffs' claims. Dkt. 7. The court granted the motion to compel arbitration and dismissed the six plaintiffs who had agreed to arbitrate their disputes. Dkt. 26. The court ultimately allowed the remaining plaintiffs' claims to go forward. Dkt. 48.

In March 2021, over a year after the lawsuit was filed, plaintiffs moved to voluntarily dismiss their claims with prejudice. Dkt. 92. Counsel for plaintiffs said that "recent disclosure of certain facts surrounding Plaintiffs claims" [sic] had revealed that the named plaintiffs could not adequately represent the proposed class. Counsel didn't say what newly disclosed facts caused them to seek dismissal.

Plaintiffs' counsel now acknowledges that plaintiffs Barry Earls and Trent Shores did not make any purchases when a rebate promotion was running. (Earls made his purchases right before a sale started and took advantage of a different promotion that offered an "11% Price Adjustment." The promotion is similar to the "11% Off Everything" promotion, but it has different terms.) Plaintiffs Chris Jesse, Tom Fetsch, and Steve Schussler alleged that they never received their rebates for eligible purchases. But Jesse and Fetsch acknowledged in their depositions that they received and redeemed rebates in the correct amounts. Schussler did not sit for a deposition, but Menards produced records showing that he too received and redeemed a rebate for the correct amount. Plaintiffs moved to dismiss the case before plaintiffs Cassie Lietaert and David Kiel sat for a deposition.[1]

---

[1] At some point plaintiff David Kiel stopped responding to plaintiffs' counsel, and counsel planned to dismiss him from the lawsuit. Dkt. 98, ¶ 5.

ANALYSIS

Section 1927 permits sanctions against a lawyer who "so multiplies the proceedings in any case unreasonably and vexatiously" that the lawyer should be responsible for the excess costs, expenses, and attorney's fees borne by the other side. *See Hunt v. Moore Bros.*, 861 F.3d 655, 660 (7th Cir. 2017). Sanctions under § 1927 can be imposed for conduct that demonstrates objective bad faith, which is demonstrated when a lawyer "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018) (internal quotation marks omitted).

The level of culpability required for sanctions under § 1927 is higher than the standard required under Federal Rule of Civil Procedure 11. *United Stars Indus. v. Plastech Engineered Prods.*, 525 F.3d 605, 610 (7th Cir. 2008). Mere negligence is not enough; the attorney must act with recklessness or indifference. *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1185 (7th Cir. 1992). Courts should impose sanctions under § 1927 sparingly. *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003). But the decision of whether to impose sanctions is within the discretion of the district court. *Id*.

Menards seeks attorney fees against plaintiffs' counsel from Tycko & Zavareei LLP and Benesch, Friedlander, Coplan & Aronoff LLP.[2] Menards seeks fees for the entirety of the litigation, contending that plaintiffs' counsel has demonstrated bad faith from the inception of the lawsuit. Menards argues that it was unreasonable to file a lawsuit on behalf of six plaintiffs who were bound by arbitration agreements. And Menards says that plaintiffs' counsel knew,

---

[2] Menards does not seek sanctions against plaintiffs' local counsel, Atterbury, Kammer, & Haag, S.C. Dkt. 97, at 32.

or should have known after a reasonable pre-filing investigation, that the other named plaintiffs' claims were false.

The court isn't persuaded that plaintiffs' counsel violated § 1927 by bringing claims on behalf of plaintiffs with arbitration agreements. Counsel was able to muster colorable—if unsuccessful—arguments for why those arbitration clauses were unenforceable. *See Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (no objective bad faith if the conduct had a colorable basis). Menards cites *Hunt v. Moore Bros.* to show that courts have sanctioned similar conduct. 861 F.3d 655, 658 (7th Cir. 2017). But in *Hunt*, the court concluded that sanctions were appropriate because counsel tried to bring the case back into federal court after the court directed the parties to arbitrate their claims. Here, plaintiff's counsel abided by the terms of the court's order dismissing the plaintiffs bound by an arbitration agreement.

As for counsel's failure to investigate whether plaintiffs' factual allegations were accurate, there is a threshold question whether a court can sanction counsel under § 1927 for failing to conduct an investigation *before* a lawsuit is filed. In *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990), the court of appeals explained that § 1927 only addresses prolonging litigation, whereas the filing of the initial complaint is governed by Federal Rule of Civil Procedure 11. And in a discussion about the level of culpability needed to impose sanctions under the rules, the court noted that unlike Rule 11, § 1927 does not impose a duty to perform a reasonable investigation. *Id.* In a footnote in another case, *Dahnke v. Teamsters Local* 695, 906 F.2d 1192, 1202 n.6 (7th Cir. 1990), the court cited *Samuels* to conclude that § 1927 was not implicated where the basis for sanctions was counsel's failure to investigate a claim before filing it in court. Following this logic, this court has previously concluded that a failure to investigate a claim before filing cannot justify sanctions under § 1927, *see Anderson v. Trans Union*, No. 05-

C-0091-C, 2006 U.S. Dist. LEXIS 69018, at *10 (W.D. Wis. Sep. 22, 2006), as have some other district courts. *See, e.g.*, *Fifth Third Bank v. Hirsch*, No. 10 C 5484, 2011 U.S. Dist. LEXIS 66436, at *10 (N.D. Ill. June 20, 2011).

More recently, however, the Seventh Circuit has affirmed awards of sanctions under § 1927 for a failure to conduct a reasonable pre-filing investigation—albeit without expressly considering whether its logic was consistent with *Samuels. See Claiborne v. Wisdom*, 414 F.3d 715, 722 (7th Cir. 2005) (upholding award of all costs defendants incurred over the course of the lawsuit because counsel did not make a reasonable inquiry before filing complaint); *Tate v. Ancell*, 551 F. App'x 877, 891 (7th Cir. 2014) (upholding award of all costs defendants incurred because the case would not have been brought if counsel had "done his homework."). Some district courts have followed that approach. *See, e.g.*, *Pappas v. Experian Info. Sols.*, No. 15 C 8115, 2017 U.S. Dist. LEXIS 116493, at *8 (N.D. Ill. July 13, 2017); *Lancaster v. Trans Union, LLC*, No. 09 C 1698, 2011 U.S. Dist. LEXIS 91153, at *13 (N.D. Ill. Aug. 16, 2011).

But even if counsel cannot be sanctioned under § 1927 for failing to investigate plaintiffs' claims *before* the suit was filed, the statute imposes an ongoing duty to dismiss litigation after an attorney knows, or should have known, that a claim is no longer viable. *See Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) ("dogged pursuit of a colorable claim becomes actionable bad faith once the attorney learns (or should have learned) that the claim is bound to fail."). That duty is triggered when review of information within counsel's possession would have shown that the claim was meritless. *See Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998). The court concludes that plaintiffs' counsel violated that duty by failing to dismiss

the case after a review of information in plaintiffs' possession would have shown that the plaintiffs' allegations were false.

The allegations made by the plaintiffs were straightforward and all relied on facts within the plaintiffs' own knowledge. Plaintiffs' counsel says that they conducted a multi-year investigation into the Menards rebate program and interviewed dozens of potential plaintiffs to find class representatives. Dkt. 100, at 7. But counsel does not explain any efforts they made to verify the named plaintiffs' allegations either before or after the lawsuit was filed.

Evidence produced in discovery shows that much of the information counsel needed to disprove plaintiffs' allegations was readily available. In his deposition, Barry Earls testified that he knew that a rebate promotion was not running at the time he made his purchases. Dkt. 98-1 (Earls Dep. 89:4–12). And in the emails Earls produced, a customer service representative noted that a promotion was not running when he made his purchase. Dkt. 98-19. Trent Shores produced a receipt for his purchase that showed it was not made during a sale. Tom Fetsch produced emails between himself and Menards customer service that showed he had received and redeemed all the rebates that formed the basis for his allegations in the complaint. Dkt. 98-22, at 2–3. Steve Schussler and Chris Jesse both alleged that they had not received rebates for eligible purchases they made in 2017. But both had been issued rebates for those purchases that they later redeemed. Dkt 98-41 (Schussler transaction records); Dkt. 98-3 (Jesse Dep. 219:18–220:8). The rebate amounts were smaller than Schussler and Jesse expected after factoring in returns. But in the initial and amended complaint, they alleged that they had not received any rebate at all. Dkt. 27, ¶¶ 93, 162. All these facts were available to plaintiffs' counsel well before Earls, Fetsch, and Jesse sat for their depositions in February and March 2021.

Plaintiffs' counsel contends that Menards shares the blame for allowing this lawsuit to continue. They say that Menards withheld evidence that revealed that the named plaintiffs received their rebates. But counsel does not explain why they needed information from Menards to verify basic facts about the plaintiffs' own conduct.

It appears that some of the plaintiffs *believed* that they had not been issued a proper rebate; plaintiffs' counsel argues that some plaintiffs may have been confused by the fact that some rebate checks included rebates from multiple purchases. Dkt. 100, at 19. But plaintiffs and counsel were capable of tallying up plaintiffs' purchases and comparing them to the rebate checks they received and redeemed. And although Menards possessed detailed transaction and rebate records, Menards produced the records related to plaintiffs' allegations in November 2020. Dkt. 104, at 23. Plaintiffs' counsel complains that Menards did not connect the dots for plaintiffs until after plaintiffs filed their motion for class certification. But counsel does not dispute that the two sets of records contained all the information they would need to determine whether the plaintiffs had received their proper rebates.[3]

The principle underlying § 1927 is that in the American Rule system, in which each side is to bear its own litigation expenses, a party cannot not foist its own costs onto opposing parties, including the costs of research. *In re TCI, Ltd.*, 769 F.2d at 446. Plaintiffs' counsel

---

[3] Plaintiff's counsel says that Menards asked them to destroy all "Confidential Information" Menards produced in discovery, which included all records relating to issued rebates and plaintiffs' purchase histories, before Menards filed this motion for sanctions. Dkt. 101, at ¶ 19. Counsel argues that they are prevented from fully responding to Menards' allegations about the information in those documents. Dkt. 100, at 18. But Menards identified the transaction and rebate records they relied on to show that Jesse received and redeemed his rebate, all of which were produced in November 2020. *See* Dkt. 104, at 25; Dkts. 98-26–98-29. Moreover, plaintiffs' counsel does not describe any efforts they took to review the November 2020 production.

contends that Menards had the responsibility to research plaintiffs' factual allegations and inform plaintiffs' counsel about facts that were in the plaintiffs' own knowledge. But a reasonably careful attorney would have discovered that the named plaintiffs' claims were not grounded in fact before Menards walked the named plaintiffs through Menards' production in March 2021.

The remaining question is when it should have been clear to plaintiffs' counsel that the plaintiffs' claims would fail. Plaintiffs' counsel had the relevant transaction and rebate records by November 27, 2020. Dkt. 104, at 24. But many of the named plaintiffs' allegations could have been disproved earlier than that. Discovery provided ample opportunity for counsel to interview plaintiffs and examine documents already in plaintiffs' possession that would have disproved allegations in the complaint.

Counsel's initial failure to investigate plaintiffs' claims may have been merely negligent. But the court concludes that it was reckless for counsel to continue litigating the case after they submitted their final answers to Menards' interrogatories on November 25, 2020. Menards asked each plaintiff to identify every document and communication that formed the factual basis for any allegation in the complaint. Dkts. 98-5–98-10, at 6–7. All plaintiffs objected on the grounds that discovery was in the early stages and that plaintiffs' investigation was still ongoing. *See id.* But it's unclear why plaintiffs would need to conduct further investigation to identify the documents that they relied on to form the allegations in the complaint. Menards also asked Jesse and Schussler to identify all of the rebates they had received and redeemed from Menards. Dkt. 98-7, at 14 (Jesse); Dkt. 98-9, at 13 (Schussler). Jesse said that he had received "approximately 16-20 rebates" from Menards, and Schussler only reiterated that he had not received the rebate that formed the basis for the allegation in his complaint.

These interrogatories should have required plaintiffs' counsel to conduct a thorough investigation into the basis of the named plaintiffs' claims. A review of the documents from Earls, Fetsch, and Shores would have shown that their allegations in the complaint were inaccurate. And it's likely that a thorough discussion with Schussler and Jesse about their rebate history would have revealed that they had received the full value of the rebates they were entitled to. Despite this, counsel continued to litigate the case for several more months.

Plaintiffs' counsel deserves credit for dismissing this case in March 2021. But counsel continued pursing the claim after it was clear, or should have been clear, that the named plaintiffs' claims were not viable. Failing to learn basic facts about plaintiffs' own conduct after being served with pointed interrogatories demonstrates willful ignorance on their part. *See Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir. 1988) (objective bad faith not to dismiss case after counsel should have recognized there was no factual basis for the claim). The court concludes that it was reckless to continue the case—including filing a motion for class certification, Dkt. 50, and several discovery motions, Dkt; 76 Dkt. 77; Dkt. 81—after counsel should have known that the named plaintiffs' claims would fail. All attorney fees that Menards incurred after plaintiffs' counsel submitted their responses to Menards' interrogatories on November 25, 2020, were the result of counsel's unreasonable and vexatious continuation of the lawsuit.


ORDER

IT IS ORDERED that defendant Menard, Inc.'s motion for sanctions, Dkt. 99, is GRANTED, as set forth above. Menards may have until April 22, 2022, to submit a petition for fees incurred in this case after November 25, 2020. The petition must comply with this

court's procedures for requesting attorney fees and costs, which were provided to the parties at the preliminary pretrial conference. *See* Dkt. 22. Plaintiffs may have until May 2, 2022, to file a brief in opposition, solely addressing the amount of costs and fees requested by Menards. Menards may file a brief in reply by May 9.

Entered March 31, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge