**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (*admitted pro hac vice*)
1970 Broadway, Suite 1070
Oakland, CA 94612
(510) 254-6808
Fax: (202) 973-0950
ssoneji@tzlegal.com

David S. Almeida
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, IL 60606
(312) 212-4979
Fax: (312) 767-9192
dalmeida@beneschlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| BARRY EARLS, THOMAS FETSCH, TRENT SHORES, STEVE SCHUSSLER, CASSIE LIETAERT and CHRIS JESSE, *individually and on behalf of a class of similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>MENARD, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. 20-CV-107<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Judge: Hon. James D. Peterson<br><br>**PLAINTIFFS' MOTION TO RECONSIDER THIS COURT'S ORDER GRANTING SANCTIONS PURSUANT TO 28 U.S.C. § 1927** |

Plaintiffs Barry Earls, Thomas Fetsch, Trent Shores, Steve Schussler, Cassie Lietaert and Chris Jessie (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Motion to Reconsider this Court's March 31, 2022 Opinion and Order Granting Sanctions Pursuant to 28 U.S.C. § 1927 (the "Motion").

1.      Federal Rule of Civil Procedure 54(b) authorizes courts to reconsider interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

2.      Courts are instructed to grant requests for reconsideration under Rule 54(b) "to correct manifest errors of law or fact or to present newly discovered evidence." *Woods v. Resnick*, 725 F.Supp.2d 809, 827-28 (W.D. Wis. 2010) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

3.      Reconsideration of this Court's March 31, 2022, Opinion and Order Granting Sanctions Pursuant to 28 U.S.C. § 1927 is warranted because a number of the Order's operative factual findings are not supported by the record evidence. And, far from re-litigating issues already decided by the Court, this Motion brings to the Court's attention the extensive work performed by Plaintiffs' counsel in attempting to obtain relevant and comprehensible information from Menards.

4.      To the extent that Plaintiffs' counsel did not previously address any specific concerns the Court had about Plaintiffs' discovery efforts (for instance, whether they reviewed Menards' November 2020 document production), those efforts were detailed extensively in Plaintiffs' Motion to Compel filed on March 1, 2021, which was withdrawn when Plaintiffs sought leave to voluntarily dismiss their claims.

5.      As detailed in the Motion to Compel and in the accompanying memorandum of law in support of this motion to reconsider, Plaintiffs' counsel spent months trying compel and understand discovery about Menards' rebate system generally and Plaintiffs detailed transactions and any related rebates issued specifically, including their voluminous database production of November 27, 2020, which contained 95 million lines of data in excel format and data fields which were not self-explanatory.

6. Unable to get any answers from Menards or its counsel and cognizant that such information could be very relevant, Plaintiffs' counsel sought to push back the dates set forth in the scheduling order (including the January 17, 2021 date for Plaintiffs to file their motion for class certification) to allow the parties time to resolve their discovery disputes.

7. The Court's finding that Plaintiffs' counsel unnecessarily multiplied the proceedings by "filing a motion for class certification, and several discovery motions" is counter to this record of diligence and Plaintiffs' counsel's efforts to avoid unnecessary work for the parties.

8. Plaintiffs' counsel in this case were far from reckless; rather, they conducted a thorough and ongoing investigation into the facts and circumstances giving rise to this litigation.

9. Much of the documentation showing that two named Plaintiffs, Chris Jesse and Tom Fetsch, did in fact receive and redeem owed rebates was not provided to Plaintiffs' counsel until February 8, 2021, just before Plaintiffs' depositions and after Plaintiffs moved for class certification on January 17, 2021.

10. The inscrutable database production from November 27, 2020 did not provide definitive evidence that any Plaintiff's claim was not well founded. Indeed, at the three depositions of named Plaintiffs which did take place, Menards counsel did not rely on the November 27, 2020 production to walk through the Plaintiffs' detailed transaction and rebate history; instead counsel used only a composite exhibit comprised of hand-selected lines from that massive database and documents from the February 8, 2021 production.

11. The third named Plaintiff who was deposed, Barry Earls, did testify that he was aware that Menards was not running an 11% Off rebate promotion at the time he made his relevant purchase. But in that very same exchange, Mr. Earls testified that he returned to the Menards

location the very next day (while an 11% Off rebate promotion was running) and was told that he was nonetheless eligible for a rebate (and not a price adjustment). To this date, Mr. Earls has not received the Menards rebate he was told he was owed.

12. It was not until the three Plaintiff depositions in late February and early March 2021, that Plaintiffs for the first time learned how to understand the November 27, 2020 database production and watched how, if you know how to identify the correct and relevant lines of data from that production and combine them with the correct and relevant transaction and rebate details provided in February 8, 2021, then you can determine whether a particular plaintiff received all owed and submitted rebates for a particular transaction. At no point before those depositions could Plaintiffs' counsel have definitely concluded the two named plaintiffs, Chris Jesse and Tom Fetsch, did not have valid claims.

13. Plaintiffs' counsel acted reasonably and in the interests of the putative class at all times. And, whether or not Plaintiffs' counsel ultimately "got it wrong," this is not the standard upon which sanctions should be granted..

For the foregoing reasons as well as those set forth in Plaintiffs' Memorandum of Law in Support of this Motion, Plaintiffs Barry Earls, Thomas Fetsch, Trent Shores, Steve Schussler, Cassie Lietaert and Chris Jessie respectfully request this Honorable Court to (i) reconsider its Opinion and Order dated March 31, 2022, Dkt. 106; (ii) vacate its award of sanctions from November 25, 2020 through March 2021; (iii) schedule a hearing whereby the parties may present evidence on any specific issues of concern to the Court, including, but not limited to, the issue of thoroughness of the investigation conducted by Plaintiffs' counsel throughout the pendency of the litigation and (iv) award all such other relief as is equitable and just.

Dated: April 21, 2022

Respectfully submitted,

*/s/ Sabita J. Soneji*
Sabita J. Soneji (*admitted pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
(510) 254-6808
ssoneji@tzlegal.com

*/s/ David S. Almeida*
David S. Almeida
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606
(312) 212-4979
dalmeida@beneschlaw.com

*Attorneys for Plaintiffs*