**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (*admitted pro hac vice*)
1970 Broadway, Suite 1070
Oakland, CA 94612
(510) 254-6808
Fax: (202) 973-0950
ssoneji@tzlegal.com

David S. Almeida
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, IL 60606
(312) 212-4979
Fax: (312) 767-9192
dalmeida@beneschlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARRY EARLS, THOMAS FETSCH, TRENT SHORES, STEVE SCHUSSLER, CASSIE LIETAERT and CHRIS JESSE, *individually and on behalf of a class of similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>MENARD, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. 20-CV-107<br><br>Judge: Hon. James D. Peterson<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR ADDITIONAL TIME TO RESPOND TO MENARDS' FEE PETITION** |

Plaintiffs Barry Earls, Thomas Fetsch, Trent Shores, Steve Schussler, Cassie Lietaert and Chris Jessie (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Emergency Motion for Additional Time to Respond to Menards' Fee Petition.

1. On March 31, 2022, this Court issued its Opinion and Order Granting Sanctions Pursuant to 28 U.S.C. § 1927 (the "Order"). (Dkt 106)  The Court ordered Menards to file "a petition for fees incurred in this case after November 25, 2020" with any brief in opposition due by May 2, 2022, with a Brief in Reply due by May 9, 2022.

2. On April 22, 2022, undersigned counsel filed a Motion to Reconsider the Order. (Dkts 107, 108 & 109)  Menards' brief in opposition is due on May 6, 2022 and Plaintiffs' reply is due on May 13, 2022.

3. On April 25, 2022, Menards filed its Motion for Leave to File Petition for Fees and Costs, Instanter.  (Dkt 110)[1]  Menards Fee Petition materials consist of the following:

    a. The Petition for Fees and Costs (19 pages);

    b. The Declaration of Brian P. Norton attaching:

        (i) Exhibit A - a 32 page "time entries log" consisting of hundreds of entries by multiple attorneys and other timekeepers;

        (ii) Exhibit B - attorney bios and

        (iii) Exhibit C - Menards' cost summary;

    c. The Declaration of John L. Kirtley, a shareholder at a Milwaukee-based firm opining on the reasonableness of rates charged by Chicago attorneys for a case in Madison, Wisconsin.

4. Menards contends in its Fee Petition that it incurred $879,956.00 in legal fees from November 25, 2021 through present—including over $188,993 *after the case was voluntarily dismissed* in March 2021— and $1.86 million in total to defend the case by attorneys who profess to be seasoned class action practitioners with particular experience with Menards and its 11% rebate program.  (*See* Petition at 5.)  Menards' current position is directly contrary to its oft-

---

[1]  On April 26, 2022, this Court granted Menards' motion to file instanter and directed that the fee petition materials be filed as a separate docket entry.

repeated mantra that this case was straightforward and it was simple to determine that the representative Plaintiffs did *not* have viable claims.

5. And, Menards wants to be clear that its counsel's tab is still running: "Exhibit A [Freeborn's time entries log] does ***not*** include the fees and costs Menards has incurred (or will incur) in connection with the preparation and support of its fee petition or the fees and costs it will incur responding to plaintiffs' motion for reconsideration." (Petition at 5, n.1 (emphasis added).)

6. In order to conserve the resources of all parties, undersigned counsel respectfully submit that an extension of time to respond to Menards' Fee Petition is warranted. Although Menards' Petition was just filed on Monday, April 25, 2022, and Plaintiffs' counsel has just begun reviewing the materials, some rather obvious issues jump out and warrant investigation:

- Menards' counsel with Freeborn & Peters LLP now claims that it had to expend in excess of 100 hours analyzing the representative plaintiffs' transaction data at a net effective hourly rate of an astonishing $694/hr, but previously has contended, numerous times, that computation of Plaintiffs' entitlement to rebates (or lack thereof) is simple and straightforward.[2] (*See generally* Petition & Norton Decl., Ex. A, Freeborn time entry log.)

- Brian Norton, a senior partner (with 38 years of experience) claims to have worked and to have billed Menards—at an hourly rate of $840 (2020) and $870 (2021)—a considerable amount of time working on a mysterious (and, of course, never filed) motion for summary judgment, which he purportedly started working on in January of 2021. (*See generally* Ex. A to Norton Decl.)

- Mr. James Boland, another senior partner (27 years of experience) —who billed Menards at $765 and $790, respectively—purports to have spent a considerable amount of time drafting an opposition to Plaintiffs' motion for class certification despite the facts that: (i) Menards opposed Plaintiffs' request to push back the class certification deadlines so that the parties could resolve their discovery dispute and (ii) undersigned counsel represented to Freeborn attorneys that there was no need to file an opposition to Plaintiffs' motion until the parties could work out their discovery differences.

---

[2] Billing $879,956.00 for 1,267.90 hours yields a net effective hourly rate of $694/hr.

3

- Despite never producing any information to Plaintiffs' counsel, Menards now claims to have spent dozens and dozens of senior partner-level hours reviewing complaints made to the Better Business Bureau. Specifically, Mr. Andrew Nordahl, another Freeborn partner staffed on the case—who bills at $645 (2020) and $670 (2021) and who has been practicing law for 27 years—supposedly spent days reviewing those complaints. (*See* Petition at 5; Norton Decl., Ex. A.)

- In addition to nearly $900,000 in fees, Menards also contends it is entitled to recover its costs and expenses, the largest of which "relate to Menards' expert witness, Debra Aron of Charles River Associates." (Petition at 17.) While Menards contends that Ms. Aron was retained to prepare and provide a rebuttal declaration and report to the expert report of Mickey Ferri, Ph.D., filed by plaintiffs' counsel, it is noteworthy that due to Menards' refusal to provide responsive documentation, Mr. Ferri's report merely detailed a methodology by which he could compute compensable damages. The fact that Ms. Aron supposedly billed $88,977 (Menards does not provide any additional information regarding work allegedly performed by Ms. Aron) for work *started* in February of 2021 is deserving of closer inspection.

7. Accordingly, Plaintiffs respectfully submit that modification of the Order (Dkt 106) is warranted to allow Plaintiffs' counsel the opportunity to investigate and to respond to these rather alarming figures. *See, e.g.*, *Holmes v. Fed. Dep. Ins. Corp.*, No. 11-CV-211, at *3 (E.D. Wis. Apr. 19, 2011) (stating that courts have a great deal of discretion to decide the order in which they will dispose of multiple motions) (citations omitted).

8. Plaintiffs respectfully request that the Court modify its Order (Dkt 106) to extend the deadlines as follows:

   a. Plaintiffs' brief in opposition due thirty (30) days after the Court's ruling on Plaintiffs' motion for reconsideration

   b. Defendant's reply brief due fourteen (14) days after Plaintiffs' opposition brief.

9. Such an extension will afford Plaintiffs' counsel the opportunity to adequately investigate—including time to fully review counsel's time entries, obtain a rebuttal expert and assess whether limited discovery is required and, if so, seek leave of this Court for same—and to oppose Defendant's claim that its Fee Petition is reasonable.

10. While Plaintiffs' counsel contends that the imposition of sanctions was contrary to the record evidence, it is certainly clear that section 1927 sanctions should *not* create a windfall for the requesting party. *See, e.g., DL v. District of Columbia*, 256 F.R.D. 239, 245 (D.D.C. 2009) (holding that fee petitioner's request to recover $287,146 in fees and costs was unreasonable on its face and thus warranted a review of the time records with "a more demanding eye").

11. On April 26, 2022, undersigned counsel contacted Menards' counsel to determine its position on Plaintiffs' request for extension of the briefing deadlines on the Fee Petition. Menards opposes the relief sought by Plaintiffs herein.

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court to (i) grant this emergency motion and amend the Order (Dkt 106) to require Plaintiffs' brief in opposition to Menards' Fee Petition be filed thirty (30) days after the Court's ruling on Plaintiffs' Motion for Reconsideration with Defendant's reply brief due fourteen (14) days after Plaintiffs' opposition brief and (ii) award all such other relief as is equitable and just.

Dated: April 26, 2022

Respectfully submitted,

/s/ David S. Almeida
David S. Almeida
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606
(312) 212-4979
dalmeida@beneschlaw.com

Sabita J. Soneji (*admitted pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
(510) 254-6808
ssoneji@tzlegal.com

*Attorneys for Plaintiffs*