IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARRY EARLS, THOMAS FETSCH, DAVID KIEL,
TRENT SHORES, STEVE SCHUSSLER,
CASSIE LIETAERT, and CHRIS JESSE,
individually and on behalf of classes of
similarly situated individuals,

OPINION and ORDER

Plaintiffs,

20-cv-107-jdp

v.

MENARD, INC., and JOHN DOES 1–10,

Defendants.

---

Plaintiffs voluntarily dismissed this proposed class action about a rebate promotion at Menards home improvement stores after plaintiffs' counsel learned that the named plaintiffs had received all rebates they were entitled to under the terms of the promotion. Dkt. 92. Defendant Menard, Inc., which owns Menards, sought sanctions and attorney fees under 28 U.S.C. § 1927, contending that plaintiffs' counsel knew, or should have known, that the named plaintiffs' claims were baseless. The court granted the motion, concluding that sanctions were appropriate on the grounds that the relevant facts about plaintiffs' rebates were within their own knowledge, and it appeared that a reasonable investigation into plaintiffs' claims would have shown that the claims had no merit. Dkt. 106. Menards submitted a fee petition seeking $989,670.84 for about four months of litigation expenses. Dkt. 113.

Plaintiffs ask the court to reconsider its decision to impose sanctions, contending that the court misunderstood its arguments and overlooked some record evidence. Dkt. 107.  The court will grant the motion. Plaintiffs' counsel has now clarified the steps they took to verify their claims, and they have adequately explained why it was difficult to determine plaintiffs'

rebate amounts sooner. Counsel should have been more diligent in their investigation. But their failure to discover the problems with plaintiffs' claims does not demonstrate recklessness, which is the standard for awarding fees under § 1927. The court will deny Menards' fee petition as moot.

BACKGROUND

The court provided a detailed factual background in its previous order. *See* Dkt. 106, at 2–3. The court will briefly summarize the relevant facts here.

This case concerned the Menards "11% Off Everything" rebate promotion, which Menards runs several times each year. The promotion typically offers a rebate in the amount of 11 percent of the customer's total purchase. Plaintiffs filed this proposed class action in February 2020, with each named plaintiff alleging that he or she (1) made a purchase at Menards during a rebate promotion; (2) applied to Menards by mail for a rebate; and (3) either never received a rebate or received a rebate for less than the amount due.

Menards deposed some of the named plaintiffs in early 2021. In the depositions, Menards walked each plaintiff through rebate records that Menards had produced in discovery to show that the plaintiff had received the rebates they were entitled to under the terms of the promotion. In March 2021, more than a year after the lawsuit was filed, plaintiffs moved to voluntarily dismiss their claims with prejudice. Dkt. 92.

Menards sought to recover all fees it had incurred litigating the case, contending that plaintiffs' counsel knew, or should have known, that plaintiffs' claims were baseless. The court concluded that sanctions were appropriate because much of the information counsel needed to disprove plaintiffs' allegations was readily available and within plaintiffs' own knowledge.

Dkt. 106. The court ordered plaintiffs to pay Menards' reasonable costs incurred after November 25, 2020, the day that plaintiffs responded to Menards' interrogatories, because "failing to learn basic facts about plaintiffs' own conduct after being served with pointed interrogatories" about plaintiffs' purchases and rebate amounts demonstrated willful ignorance. Dkt. 106, at 10.[1]

ANALYSIS

The court imposed sanctions against plaintiffs' counsel under 28 U.S.C. § 1927, which allows a court to award fees against a lawyer who "multiplies the proceedings in any case unreasonably and vexatiously." *See Hunt v. Moore Bros.*, 861 F.3d 655, 660 (7th Cir. 2017). Sanctions under § 1927 can be imposed for conduct that demonstrates objective bad faith, which is demonstrated when a lawyer "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018) (internal quotation marks omitted). However, mere negligence is not enough; the attorney must act with recklessness or indifference. *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1185 (7th Cir. 1992). Put another way, sanctions are appropriate if counsel demonstrates a "serious and studied disregard for the orderly process of justice." *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994). An attorney may demonstrate

---

[1] Menards made an alternative argument in its original briefs that plaintiffs could have discovered that plaintiffs' claims were baseless by reviewing the rebate records Menards produced (also in November 2020). The parties continue to dispute that assertion on the motion for reconsideration. But the court did not rely on the records as the basis for awarding sanctions, so the court need not reconsider that issue.

objective bad faith by prosecuting a claim "without a plausible legal or factual basis and lacking in justification." *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir. 1984).

Plaintiffs ask the court to reconsider the motion awarding sanctions.[2] The order awarding fees is not a final order for the purposes of Federal Rules of Civil Procedure 59(e) or 60(b) because the court has not yet set the size of the fee award. *See Fuller v. Heintz/Candee*, 07-CV-305-BBC, 2008 WL 5423199, at *3 (W.D. Wis. Dec. 30, 2008). A court may reconsider an interlocutory order under either Rule 54(b) or the court's inherent authority. *Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012). Regardless of the basis for the motion, whether to reconsider a prior order is committed to the court's discretion. *Id.* at 717.

Plaintiffs contend that the court misunderstood (1) counsel's efforts to investigate plaintiff's claims and (2) what information was available to plaintiffs and counsel. As for counsel's efforts, the court's order imposing sanctions stated that counsel "d[id] not explain any efforts they made to verify the named plaintiffs' allegations either before or after the lawsuit was filed." Dkt. 106, at 7. Counsel contends that they did describe their efforts "in a general matter" in a declaration submitted along with their brief opposing the initial sanctions motion. Dkt. 108, at 8 (citing Dkt. 101, ¶¶ 5–10). In the declaration, one of plaintiffs' attorneys states that counsel conducted several interviews with the named plaintiffs; reviewed the relevant documents in plaintiffs' possession; and had plaintiffs review the complaint prior to filing. Counsel further states in its briefing on the motion for reconsideration that plaintiffs

---

[2] Plaintiffs' counsel also request an opportunity to address any remaining concerns about their investigation at an in-person hearing. Dkt. 108, at 26. The motion can be decided on the parties' submissions, so the court concludes that a hearing is unnecessary.

"consistently and repeatedly told undersigned counsel that they did not receive their rebates." Dkt. 108, at 9.

As for the information available to counsel, the court stated that "the allegations made by the plaintiffs were straightforward, and all relied on facts within the plaintiffs' own knowledge." Dkt. 106, at 7. Counsel contends that determining whether plaintiffs received the full value of their rebates was not straightforward in light of the number of purchases each plaintiff made, plaintiffs' fallible memories, a lack of surviving receipts, and the complexity of the rebate program.

In light of counsel's clarifications, the court concludes that reconsideration of its order imposing sanctions is appropriate. A reasonably diligent investigation likely would have revealed that plaintiffs' claims were not viable. But the evidence that plaintiffs' claims were baseless was not so straightforward that counsel's failure to dismiss the case was reckless, as opposed to merely negligent.

Counsel has adequately explained why they did not dismiss the claim earlier than they did. Plaintiff Barry Earls did not make any purchases while an "11% Off Everything" promotion was running; rather, Earls had taken advantage of a similar rebate promotion, called an "11% Price Adjustment," which allows customers to obtain an 11 percent rebate on purchases made in the days before an "11% Off Everything" promotion officially begins. Earls readily acknowledged in his deposition that he knew an "11% Off Everything" promotion was not running at the time he made his purchase, so the court faulted counsel for failing to discover that Earls had not participated in the promotion that was at issue in the lawsuit. But the court overlooked evidence suggesting that Earls, and counsel, may have conflated the two promotions. Specifically, Earls testified in his deposition that when he visited the same

5

Menards location the next day—after the "11% Off Everything" promotion began—an employee told him that his purchases were "still eligible for the 11 percent off." Dkt. 108-1 (Earls Dep. 97:2–25). When Earls's rebate was smaller than he expected, a Menards manager told Earls that he didn't know why that was because Earls had done everything right. Under those circumstances, it was understandable for Earls to believe that he had participated in the "11% Off Everything" promotion.

Counsel may have been able to determine that the two promotions were distinct prior to March 2021: Earls produced emails between himself and a customer service representative who stated that his rebate was a "Price Adjustment." Dkt. 98-19, at 9. That might have prompted reasonably diligent counsel to confirm whether Earls had, in fact, taken advantage of the same promotion as the other plaintiffs. But the distinction is not so obvious that counsel's failure to discover it demonstrates recklessness.

As for plaintiffs Steve Schussler and Chris Jesse, both of them mistakenly believed that they had not received rebates for certain purchases. Plaintiffs' counsel argued that Schussler and Jesse were confused because a single rebate check can include rebates for multiple purchases, and they had not realized that rebates for certain items had been included in other checks. *See* Dkt. 100, at 19. Even so, the court observed that "plaintiffs and counsel were capable of tallying up plaintiffs' purchases and comparing them to the rebate checks they received and redeemed." Dkt. 106, at 8.

Plaintiffs' counsel now states that determining the amounts owed was difficult because the rebates were not itemized, plaintiffs had made a significant number of purchases, and plaintiffs no longer had all of the receipts in their possession.[3] More important, counsel has

---

[3] Plaintiffs' counsel states that the rebate promotion requires customers to send in their

clarified that plaintiffs "consistently maintained" that they had not received rebates for specified items throughout the pendency of the case. Dkt. 118, at 16. Counsel has not shown that it would be *impossible* to determine whether Schussler and Jesse had received the full value of their rebates before Menards deposed them. And counsel's failure to even attempt to itemize plaintiffs' purchases in response to Menards' interrogatories about the rebates plaintiffs had received and redeemed was negligent. But the question whether plaintiffs had received rebates in the correct amount was not so straightforward that counsel's failure to dismiss their claims earlier is evidence of recklessness.

Counsel's explanations for why they did not dismiss the claims of plaintiffs Trent Shores and Tom Fetsch are less persuasive than the explanations for Earls, Schussler, and Jesse. Shores produced a receipt for his purchase that showed it was not made on a date when an "11% Off Everything" promotion was running, and counsel adduces no evidence that Shores took advantage of a similar promotion, as Earls did. As for Fetsch, plaintiffs' counsel does not dispute that Fetsch produced emails between himself and a customer service representative which show that Fetsch received and redeemed all the rebates that formed the basis for his allegations in the complaint. *See* Dkt. 98-22, at 2–3. They complain that Menards did not produce detailed transaction records until Fetsch's deposition, but they don't explain why the emails were inadequate to show that Fetsch had been made whole. *See* Dkt. 108, at 21.

Even so, the court is persuaded that counsel's failure to realize that plaintiffs' claims were baseless was negligent, not reckless. Section 1927 imposes an ongoing duty to dismiss

---

receipts. Menards disputes that assertion, stating that customers need only submit a separate "rebate receipt" and that customers can keep the purchase receipt. Regardless of what the promotion actually requires, the court credits counsel's assertion that plaintiffs no longer have the receipts for all of the relevant purchases.

litigation after an attorney knows, or should have known, that a claim is no longer viable. *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Here, counsel either did not appreciate the significance of some evidence that was available to them or failed to connect the dots. But courts usually award sanctions only if it is readily apparent that the case has no factual or legal support. For example, in *Fin. Inv. Co. (Bermuda) Ltd. v. Geberit AG*, plaintiffs asserted trademark claims in Indiana district court against a rival toilet manufacturer after a trade magazine incorrectly referred to one of defendant's toilets using plaintiffs' brand name. 165 F.3d 526 (7th Cir. 1998). The court of appeals upheld a sanctions award against plaintiffs' counsel for two main reasons: (1) the claim was duplicative of a suit that plaintiffs had already filed and lost in a different district court; and (2) counsel's "review of the documents [defendant] provided during discovery" in the Indiana litigation would have revealed that the matter was meritless. *Id.* at 533. Specifically, defendant had produced an affidavit from the trade magazine testifying that the misidentification was a mistake and that defendant hadn't been involved in the article. *Id.* The deficiencies in that case were much more apparent than in this one.

Likewise, in *Walter v. Fiorenzo*, the court imposed sanctions against plaintiffs' counsel because after four years of discovery, plaintiffs had found no evidence that defendant was personally involved in the alleged fraudulent sales of securities. 840 F.2d 427, 435 (7th Cir. 1988). The court of appeals upheld the district court's sanctions award because three other similarly situated defendants had already been awarded summary judgment for lack of personal involvement, so "it should have been obvious" to counsel that claims against the fourth defendant would also fail for the same reason. *Id.*

These cases are just examples; they do not establish the minimum definition of reckless conduct. But the court finds no cases awarding sanctions where the baselessness of plaintiffs' claims was not readily apparent. Here, plaintiffs' claims would not have been revealed as baseless by a cursory review of the information in their possession. And there is no suggestion that counsel was otherwise on notice that plaintiffs' claims had no factual support whatsoever. *Cf. Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992) (noting that courts have upheld sanctions where "counsel raised baseless claims despite notice of the frivolous nature of these claims.") Rather, in light of plaintiffs' confusion surrounding their rebate amounts, "plaintiffs had some reason to suspect" that they were entitled to relief. *Willert v. Andre*, No. 17-cv-496-jdp, 2018 WL 3637951, at *12 (W.D. Wis. July 30, 2018) (denying sanctions under Federal Rule of Civil Procedure 11). That belief was not so clearly baseless that counsel's failure to dismiss the case earlier could only be the result of recklessness, as opposed to garden-variety negligence. Indeed, this court has previously denied sanctions under § 1927 under similar circumstances to this case. *See Willert v. Andre,* No. 17-cv-496-jdp, 2019 WL 415340, at *2 (W.D. Wis. Feb. 1, 2019*)* (denying sanctions because "there is no evidence that plaintiffs' *counsel* knew" about email in plaintiffs' possession demonstrating that claim was factually baseless (emphasis in original)).

The court is persuaded that counsel's efforts, including interviews with plaintiffs and a review of the documents in plaintiffs' possession, were not so inadequate that they were reckless. Counsel's decision to continue litigating the case until they were presented with clear evidence that plaintiffs had received their rebates did not demonstrate a serious and studied disregard for the orderly process of justice. Sanctions under § 1927 are not warranted.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for reconsideration, Dkt. 107, is GRANTED. The court's order imposing sanctions, Dkt. 106, is VACATED and defendants' request for sanctions is DENIED.

2. Defendants' fee petition, Dkt. 113, is DENIED as moot.

Entered March 17, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge